UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD CHARLES SILVA,<br><br>    Petitioner,<br>        v.<br><br>ISIDRO BACA, *et al.*,<br><br>    Respondents. | Case No. 3:19-cv-00157-LRH-CBC<br><br>**ORDER** |

Ronald Charles Silva, a prisoner at the Northern Nevada Correctional Center, initiated this case on March 22, 2019, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1-1).

Silva did not pay the filing fee for this action, and he did not file an application to proceed *in forma pauperis*. The Court will summarily dismiss this action for that primary reason.

Furthermore, the Court has examined Silva's petition, and determines that Silva's claims are not cognizable as federal habeas corpus claims. Silva alleges violations of his constitutional rights with respect to the conditions of his confinement, and he seeks, as remedies, injunctive relief relative to the conditions of his confinement and monetary damages. *See* "Petition for Writ of Habeas Corpus per 28 U.S.C. 2241(c)(3) on Conditions of Confinement" (ECF No. 1-1). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973). "The power of a federal habeas court 'lies to enforce the right of personal liberty' [and] ... [a]s such, a habeas court 'has the power to release' a prisoner,

but 'has no other power.'" *Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir.2010) (citation omitted). As the Supreme Court has explained:

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release -- the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.

*Preiser*, 411 U.S. at 493; *see also Nelson v. Campbell*, 541 U.S. 637, 646 (2004) ("[D]amages are not an available habeas remedy...."). The Court will, therefore, dismiss this habeas corpus action on this additional ground – that Silva's claims are not cognizable in a federal habeas corpus action, but must be asserted in a civil rights action under 42 U.S.C. § 1983. If Silva wishes to challenge the conditions of his confinement and seek injunctive relief relative to the conditions of his confinement, and monetary damages, he must draft a civil rights complaint using the form provided by the Court, and he must initiate a new action and file such complaint in the new action.

**IT IS THEREFORE ORDERED** that this action is dismissed.

**IT IS FURTHER ORDERED** that, as reasonable jurists would not find the rulings in this order to be debatable, the petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send to the petitioner, along with a copy of this order, the approved form for filing a complaint under 42 U.S.C. § 1983, instructions for the same, and a copy of his petition in this case (ECF No. 1-1).

DATED this 25th day of March, 2019.

LARRY R. HICKS,
UNITED STATES DISTRICT JUDGE