UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD CHARLES SILVA,

    Petitioner,
    v.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:19-cv-00157-LRH-CBC

**ORDER**

This habeas corpus action was initiated on March 22, 2019, by Ronald Charles Silva, a prisoner at the Northern Nevada Correctional Center. On that date, Silva filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1-1).

The Court summarily dismissed the action on March 25, 2019, because Silva did not pay the filing fee and did not file an application to proceed *in forma pauperis*, and because Silva's claims are not cognizable as federal habeas corpus claims (ECF Nos. 3, 4). Silva alleges violations of his constitutional rights with respect to the conditions of his confinement, and he seeks, as remedies, injunctive relief relative to the conditions of his confinement and monetary damages. *See* "Petition for Writ of Habeas Corpus per 28 U.S.C. 2241(c)(3) on Conditions of Confinement" (ECF No. 1-1). The Court, therefore, dismissed this habeas corpus action, and instructed Silva that his claims must be asserted in a civil rights action under 42 U.S.C. § 1983. The Court instructed Silva, further, that if he wishes to challenge the conditions of his confinement and seek injunctive relief and monetary damages, he must draft a civil rights complaint using the

1

form provided by the Court, and he must initiate a new action and file such complaint in the new action. The Court provided Silva with the necessary form. *See* Order entered March 25, 2019 (ECF No. 3).

On April 1, 2019, Silva filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 5). The motion for relief from judgment is frivolous. Silva points to no reason for reconsideration of the order and judgment entered on March 25, 2019. The Court will deny that motion.

On April 8, 2019, Silva filed an application to proceed *in forma pauperis* (ECF No. 6). The application is incomplete, in that it does not include the required certificate signed by an authorized prison official. Moreover, the application is moot, as this action is subject to dismissal at any rate, and has in fact been dismissed, because Silva's claims are not cognizable in this habeas corpus action. The application to proceed *in forma pauperis* will be denied.

**IT IS THEREFORE ORDERED** that the petitioner's motion for relief from judgment (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's application to proceed *in forma pauperis* (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that, as reasonable jurists would not find the rulings in this order to be debatable, the petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to accept no further filings in this action, other than a notice of appeal.

DATED this 8th day of April, 2019.

_____
LARRY R. HICKS,
UNITED STATES DISTRICT JUDGE